**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRESH & BEST PRODUCE, INC. dba FRESH AND BEST, a California corporation,<br><br>            Plaintiff,<br>       v.<br><br>MICHAEL F. WALLAU ENTERPRISES, INC., a California corporation, and MICHAEL F. WALLAU, an individual, and DOES 1 to 10,<br><br>            Defendants. | Case No.: 10-CV-05109-LHK<br><br>ORDER DENYING EX PARTE MOTION FOR TRO |

On November 10, 2010, Plaintiff Fresh & Best Produce, Inc., filed an *ex parte* motion for a temporary restraining order ("TRO") to enjoin Defendants from dissipating trust assets under the Perishable Agriculture Commodities Act, 7 U.S.C. § 499a et seq.  Plaintiff also filed a motion for a preliminary injunction and moved to consolidate the trial on the merits with the hearing on the preliminary injunction.  Having considered the arguments and declarations provided by Plaintiff, the Court finds that issuance of a TRO without notice to Defendant is not justified in this case. Accordingly, the Court DENIES Plaintiff's *ex parte* motion for a TRO.  The Court also DENIES Plaintiff's request to consolidate the trial on the merits with the hearing on the preliminary injunction.  The Court will hold a hearing on Plaintiff's motion for preliminary injunction on Tuesday, November 30, 2010, at 2 p.m.

1

Case No.: 10-CV-05109-LHK
ORDER DENYING EX PARTE MOTION FOR TRO

**I. Background**

The Perishable Agriculture Commodities Act ("PACA"), 7 U.S.C. § 499a et seq., protects sellers of perishable agricultural goods by requiring a merchant, dealer, or retailer of perishable produce to hold in trust proceeds from the sale of the perishable produce, and food derived from that produce, for the benefit of all unpaid suppliers. 7 U.S.C. § 499e(c)(2); *Royal Foods Co., Inc. v. RJR Holdings, Inc.*, 252 F.3d 1102, 1104-05 (9th Cir. 2001). District courts have jurisdiction over actions brought by trust beneficiaries to enforce payment from a trust, 7 U.S.C. § 499e(c)(5), including actions to enjoin dissipation of trust assets. *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 157-58 (11th Cir. 1990).

Plaintiff Fresh & Best Produce, Inc., is a PACA licensee that has sold perishable agricultural commodities to Defendant Wallau Enterprises for the past several years. Decl. Of Chong Suk Cho in Supp. of Mot. for TRO ("Cho Decl.") 2. Defendant Wallau Enterprises is a corporation that owns three restaurants, all doing business as Mike's Café, and Defendant Michael Wallau is an officer of Wallau Enterprises. Compl. ¶¶ 3-4. Plaintiff claims that from July 2010 to October 2010, Wallau Enterprises ordered and accepted produce from Plaintiff, but failed to pay the invoices for many of those orders. Compl. ¶ 10. According to a declaration submitted by Plaintiff's Chief Financial Officer, Chong Suk Cho, Wallau Enterprises issued three checks totaling $15,079.33 to Plaintiff on or about August 10, 2010, to cover the produce purchased in July. Cho Decl. ¶ 11. When Ms. Cho attempted to deposit the checks, however, the Bank informed her that the checks would not clear, as the accounts from which they were drawn did not contain sufficient funds. *Id.* Ms. Cho contacted the Defendants several times and initially was told that sufficient funds would be available. *Id.* When the funds did not become available, Defendants began avoiding Ms. Cho's communications and did not return her calls. *Id.* Eventually, on October 25, 2010, two of the checks cleared. Cho Decl. ¶ 12. However, the third check, for $4,163.93, still has not cleared, *id.*, and Plaintiff claims that as of November 5, 2010, Defendants had not paid for $24,803.22 worth of produce. Compl. ¶ 11.

Based on the unpaid balance, the insufficient funds in Defendant's accounts, and their refusal to communicate with Plaintiff about the money owed, Plaintiff believes that Wallau

1   Enterprises has failed to preserve sufficient PACA trust assets to bring its account current.  Cho
2   Decl. ¶ 3.  Plaintiff alleges that Wallau Enterprises is in severe financial jeopardy and that the
3   PACA assets, required to be held in trust until all suppliers are paid, are threatened with
4   dissipation.  Mem. of Pts. & Authorities in Supp. of Ex Parte TRO and Preliminary Injunction
5   ("Pl.s' Mem.") 5.  Plaintiff therefore seeks a temporary restraining order to enjoin Defendants from
6   dissipating, paying, transferring, assigning or selling assets covered by the trust provisions of
7   PACA.  Plaintiff requests that the Court issue such a TRO without notice to Defendants.

**II. Legal Standard**

Because Plaintiff seeks issuance of a TRO without notice to the adverse parties, Plaintiff must satisfy both the general standard for temporary restraining orders and the requirements for *ex parte* orders set forth in Federal Rule of Civil Procedure 65(b).  The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction.  *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  A plaintiff seeking a preliminary injunction must make a four-fold showing: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008); *Amer. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

In addition, a plaintiff seeking issuance of a TRO without notice to the defendant must satisfy two further requirements: (1) "specific facts in an affidavit or a verified complaint [must] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) the applicant's attorney must certify in writing the reasons why notice should not be required.  Fed. R. Civ. Pro. 65(b)(1).  The Ninth Circuit has cautioned that there are very few circumstances justifying the issuance of an *ex parte* TRO.  *Reno Air Racing Assoc., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).  Such circumstances include "a very narrow band of cases in which *ex parte* orders are proper because

3

Case No.: 10-CV-05109-LHK
ORDER DENYING EX PARTE MOTION FOR TRO

notice to the defendant would render fruitless the further prosecution of the action." *Id.* (quoting *Amer. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir.1984)).

### III. Analysis

Plaintiff argues that an *ex parte* TRO should issue because giving notice to Defendant Wallau Enterprises "will only provide it advance warning that an order may be entered, thereby giving it time to further dissipate its trust assets by paying personal liabilities or non-trust creditors." Pl.'s Mem. 5. The Court agrees that dissipation of PACA trust assets constitutes a form of irreparable harm that may justify issuance of an *ex parte* TRO. In enacting the trust provisions of PACA, Congress sought to prevent the harm that occurs when dealers pay secured creditors from the proceeds of perishable agricultural commodities, leaving agricultural suppliers with no means of recovering payment. *See* 7 U.S.C. § 499e(c)(1); *Middle Mountain Land and Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1223-24 (9th Cir. 2002). The legislative history of PACA recognizes that once trust funds are dissipated, it is all but impossible to effect recovery. H.R. Rep. No. 98-543 (1983), *reprinted in* 1984 U.S.C.C.A.N. 405, 411. Accordingly, courts in this district have granted *ex parte* TROs upon a clear showing that notice will result in further dissipation of trust assets. *Chong's Produce, Inc. v. Meshaal*, No. C 09-4787, 2009 WL 3298175 (N.D. Cal. Oct. 9, 2009); *Inn Foods Inc. v. Turner Mead LLC*, No. C 07-00649, 2007 WL 484781 (N.D. Cal. Feb. 9, 2007). *But see ASA Farms, Inc. v. Fresh 'N Healthy, Inc.*, No. C08-00122, 2008 WL 115009 (N.D. Cal. Jan. 10, 2008) (denying request for *ex parte* TRO).

In this case, however, Plaintiff has not clearly shown that immediate dissipation of trust assets will occur before Defendants can be heard in opposition, as required by Rule 65(b). The Court is certainly concerned that Defendant has a substantial outstanding balance, lacks sufficient funds in one of its bank accounts, and appears to be avoiding Plaintiff's attempts to collect the money it is owed. Nonetheless, Plaintiff's moving papers fail to acknowledge that since mid-September, Defendant has made regular payments and appears to be keeping up with the invoices for Plaintiff's produce. *See* Cho Decl. Ex. A. In addition to payments in the amount of $4,555.81 and $6,355.19, which presumably represent the cleared checks previously issued for the July produce, Defendant has paid over $10,000 in regular payments for September and October

4

1   invoices. *Id.* Indeed, Defendant appears to have paid nearly all invoices issued since September

2   15, 2010.[1]  *Id.*  This recent payment history does not support Plaintiff's contention that, upon

3   learning of Plaintiff's motion, Defendant will immediately dissipate trust assets, in violation of

4   federal law, in order to satisfy non-trust creditors prior to entry of a temporary restraining order.[2]

5   Nor is it clear, based on these recent payments, that Defendant Wallau Enterprises is in such

6   "severe financial jeopardy," Pl.'s Mem. 5, that dissipation, or further dissipation, of trust assets

7   will occur before this Court can hold a hearing.  Rather, Defendant's recent payment history

8   creates the impression of a struggling business that is nevertheless attempting, with some success,

9   to honor its obligations to Plaintiff.

10  Preliminary injunctive relief is "an extraordinary remedy that may only be awarded upon a

11  clear showing that the plaintiff is entitled to such relief." *Winter*, 129 S.Ct. at 376.  Where a

12  plaintiff seeks such relief without notice to the adverse party, he should be able to show that notice

13  would result in immediate, irreparable harm such that notice would "render fruitless the further

14  prosecution of the action." *Reno Air Racing Assoc., Inc.*, 452 F.3d at 1131.  In this case, Plaintiff

15  has not clearly shown that it will face immediate, irreparable injury if Defendant is advised of its

16  application for a TRO.  Accordingly, the Court DENIES Plaintiff's *ex parte* motion for a

17  temporary restraining order.

18  Although Plaintiff has not persuaded the Court that notice to Defendant would result in

19  immediate dissipation of trust funds, the Court finds that Plaintiff has nonetheless made a strong

20  enough showing to warrant an expedited hearing on the motion for a preliminary injunction.  The

21  Court will hold a hearing on Plaintiff's motion for preliminary injunction on Tuesday, November

---

[1] The account for Mike's Cafe Menlo Park appears to be current for all invoices issued since September 15, 2010.  The account for Mike's Portola Valley appears to be current for invoices issued since September 15, 2010, with the exception of one invoice for $109.96 issued on October 20, 2010, and not yet paid by October 30, 2010.  The statement for Mike's Cafe-Palo Alto provided by Plaintiff appears to be incomplete and does not contain invoices or payments beyond September 17, 2010.  However, the statement lists only $102.02 as the amount 1-30 days past due.  It therefore seems that Mike's Cafe-Palo Alto is current on invoices issued since September 15, 2010, with the exception of the $102.02 balance.

[2] Counsel's claim that Defendants may liquidate trust assets to avoid personal liability, including potential criminal liability for failure to pay taxes, is particularly speculative.  Certification of Counsel as to Why Notice Is Not Required Pursuant to Rule 65(b), at 2.

5
Case No.: 10-CV-05109-LHK
ORDER DENYING EX PARTE MOTION FOR TRO

30, 2010, at 2 p.m. Plaintiff also moved to consolidate the trial on the merits with hearing on preliminary injunction. Because Defendants have not been served with the complaint or any other papers filed by Plaintiff, Defendants could be unfairly prejudiced if trial on the merits were held on such short notice. Accordingly, Plaintiff's motion to consolidate the trial on the merits with the hearing on preliminary injunction is DENIED.

### IV. Conclusion

For the foregoing reasons, the Court HEREBY ORDERS as follows:

(1) Plaintiff's *ex parte* motion for a temporary restraining order is DENIED.

(2) Plaintiff's motion to consolidate the trial on the merits with the hearing on preliminary injunction is DENIED.

(3) Plaintiff shall immediately serve Defendants with the summons, complaint, and all other documents filed in this case, including this Order. Plaintiff shall effect service no later than close of business on Monday, November 15, 2010.

(4) Defendant shall file an opposition to Plaintiff's motion for preliminary injunction no later than Friday, November 19, 2010. Plaintiff may file a reply by Wednesday, November 23, 2010, at 4 p.m.

(5) The hearing on Plaintiff's motion for preliminary injunction shall be held on Tuesday, November 30, 2010, at 2 p.m. in Courtroom 4, 5th floor, in the San Jose Courthouse.

**IT IS SO ORDERED.**

Dated: November 12, 2010

_____
LUCY H. KOH
United States District Judge

6
Case No.: 10-CV-05109-LHK
ORDER DENYING EX PARTE MOTION FOR TRO